IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| KIM VASEL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:25-cv-04041-MDH |
| | ) | |
| GRINNELL MUTUAL REINSURANCE COMPANY, et. al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Kim Vasel's Motion to File an Amended Petition Pursuant to Rule 15 & Remand the Cause of Action Pursuant to 28 U.S.C. § 1447(e). (Doc. 5). Defendant Grinnell Mutual Reinsurance Company ("Grinnell") filed its suggestions in opposition (Doc. 9) and Plaintiff has failed to reply. The motion is now ripe for adjudication on the merits. The Court, after full consideration of the issues raised and legal arguments provided by the parties, hereby **DENIES** Plaintiff's Motion to File an Amended Petition and Remand.

## BACKGROUND

Plaintiff's claim arises out of a February 10, 2022, incident where an uninsured motorist crashed into the vehicle Plaintiff was in and the at fault driver fled the scene of the crash. Plaintiff seeks uninsured motorist coverage from the accident through her policies from Defendants Grinnell and LM General Insurance Company ("LM"). Plaintiff is a resident of Missouri. Defendant Grinnell is an insurance company in good standing doing business in Missouri with its principal place of business in Grinnell, Iowa. Defendant LM is an insurance company in good

standing doing business in Missouri with its principal place of business in Hoffman Estates, Illinois.

Plaintiff alleges she was a passenger in a 2003 Ford Expedition, insured by Defendant Grinnell issued to the vehicle owner, Stephanie Ferguson and provided uninsured motorist coverage for Plaintiff. Additionally, Plaintiff was policy holder of Defendant LM providing uninsured motorist benefits for Plaintiff. Plaintiff further alleges on February 10, 2022, while Plaintiff was a passenger in the 2003 Ford Expedition in Columbia Missouri, an uninsured motorist driving a 2013 white Chevy Equinox crashed into the vehicle Plaintiff was in and fled the scene of the crash. Plaintiff alleges she suffered injuries as a result of the collusion.

Plaintiff brings two claims against Defendant Grinnell alleging an uninsured motorist claim and one count of vexatious refusal. Plaintiff additionally brings two claims against Defendant LM alleging an uninsured motorist claim and one count of vexatious refusal. Plaintiff brought her claims in the Circuit Court of Boone County, Missouri. Defendants then timely removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff now brings her current motion to amend her petition to add Dechele Rashawn Richardson, the alleged driver in the subject care crash that collided with Plaintiff. Ms. Richardson is a resident of Missouri and would defeat diversity jurisdiction in this case.

**STANDARD**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 209

(8th Cir. 2009) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rules 19 and 20 permits joinder of proper parties. *Id*. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits. *Id*. The Court is required to consider: (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 209 (8th Cir. 2009) (citing *Le Duc v. Bujake*, 777 F.Supp. 10, 12 (E.D. Mo. 1991)).

## ANALYSIS

Plaintiff argues that Ms. Richardson is a necessary party, whose primary residence is in Missouri, and which would destroy Defendants removal based on diversity of citizenship. Plaintiff further argues that the cause of action arises from a car crash caused by the negligence of Ms. Richardson with no current auto insurance found to cover for her negligence. Defendants argue that Ms. Richarson is not a necessary party or indispensable party nor do the *Bailey* factors weigh in support of joinder for Ms. Richardson. The Court will take each argument in turn.

**I.  Necessary or Indispensable Party**

Plaintiff argues Ms. Richardson is a necessary party that should be included within the amended petition. Specifically, Plaitniff argues that Ms. Richardson caused the subject car crash with no current auto insurance found to cover for her negligence. Defendants argue that Plaintiff has not established the Ms. Richardson is a necessary or indispensable party to this litigation and is not a necessary party in Plaitniff's claims against them.

Federal Rule of Civil Procedure 19 governs the required joinder of parties.

A person is considered a required party if the person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Federal Rule of Civil Procedure 20 governs permissive joinder of parties. A person may be joined in one action as defendants if any right to relief is asserted against them arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(2)(A)-(B).

The Court finds that Ms. Richardson is not a necessary or indispensable party as defined in Federal Rule of Civil Procedure 19. The addition of Ms. Richardson would deprive this Court of subject-matter jurisdiction and by the plain language of the federal rule would preclude a finding of Ms. Richardson being a necessary or indispensable party. Further, Plaintiff has not shown that in Ms. Richardson's absence, the court cannot accord complete relief among the existing parties or that Ms. Richardson claims an interest relating to the subject of the action and is so situated that disposing of the action would impede Ms. Richardson's ability to protect her interest. The Court does find that Ms. Richardson, while not a necessary or indispensable party, does have a claim to be permissively joined. However, the Court will need to proceed with the *Bailey* factor test to

determine whether the Defendants interest in maintaining the federal forum are greater than the competing interest of not having parallel lawsuits.

## II.     *Bailey* Factors

Plaintiff has not responded to Defendant's argument regarding the *Bailey* factors and as such the Court will proceed onto the analysis without the input from Plaintiff.

### a.  Extent Joinder Sought to Defeat Federal Jurisdiction

Defendants argue that Plaintiff is attempting to add Ms. Richardson solely to defeat this Court's jurisdiction. Defendants argue that Plaintiff did not originally add Ms. Richardson as a defendant, despite knowing of her existence and of allegations of fault against her. Defendants also argue that Plaintiff only attempted to add Ms. Richardson after Defendant Grinnell removed the case to Federal Court. Lastly, Defendants argue that Plaintiff has not provided any explanation as to why she is seeking to add Ms. Richardson as a party now, aside from seeking to destroy jurisdiction of this Court.

Here, Plaintiff was aware of Ms. Richardson's identity at the time she filed the Petition in State court. Plaintiff's Petition states:

> At the time of the collision, UM DRIVER fled the scene and was later identified as Dechele Richardson, and no auto insurance has been identified or located. As such, Dechele Richardson identified herein is an uninsured motorist as that term is used and defined in the policy of insurance sold by Grinnell and covering Plaintiff as identified above.

(Doc. 1-1, ¶ 12). The Court finds that Plaintiff was aware of the identify of the Ms. Richardson when she filed her Petition in the Circuit Court of Boone County, Missouri and chose not to list Ms. Richardson as a defendant. Defendants filed their Notice of Removal on March 6, 2025. (Doc. 1). On March 10, 2025, Plaintiff filed this current motion seeking to add Ms. Richardson and remand the action back to State court. Plaintiff filed her original petition on January 29, 2025, and

5

waited until four days after the case was removed and approximately a month and a half since filing her original Petition to add Ms. Richardson. The Court finds that based on the timing of events lead the Court to believe this was done in order to defeat federal jurisdiction. This factor weighs in favor of defeating joinder.

### b. Dilatory in Asking for Amendment

As stated above, the Court finds that Plaintiff waited four days after the case was removed to the federal court and approximately a month and a half since the original Petition before Plaintiff moved to amend her complaint to add Ms. Richardson. Plaintiff did this despite knowing the identity of Plaintiff during the original filing on January 29, 2025. The Court finds that Plaintiff was dilatory in asking for an amendment with this factor weighing in favor of defeating joinder.

### c. Injury if Amendment is Not Allowed

Plaintiff seeks to add one count of negligence in her proposed Amended Complaint against Ms. Richardson. Defendants argue that Plaintiff will not be prejudiced in any way if Ms. Richardson is not joined as a party. The Court agrees. Plaintiff may still pursue a tort claim against Ms. Richardson in the future, even if Ms. Richardson is not joined in this suit. The Court finds that Plaintiff will not be prejudiced if she is not allowed to amend her Petition to include the negligence claim of Ms. Richardson. This factor weights in favor of defeating joinder.

## CONCLUSION

The Court having found Ms. Richardson is not a necessary and indispensable party as defined in Federal Rule of Civil Procedure 19, nor is permissive joinder appropriate given the *Bailey* Factors. For the reason stated herein, Plaintiff's Motion to File an Amended Petition and Remand the Cause of Action is **DENIED.**

**IT IS SO ORDERED.**

DATED: April 17, 2025

                                                           */s/ Douglas Harpool*
                                                           **DOUGLAS HARPOOL**
                                                           **UNITED STATES DISTRICT JUDGE**